**INDIANA FAMILY AND SOCIAL SERVICES ADMINISTRATION, Appellant–Defendant,**

v.

**Robert T. PICKETT, Appellee–Plaintiff.**

No. 53A01–0806–CV–297.

Court of Appeals of Indiana.

July 7, 2009.

Gregory F. Zoeller, Attorney General of Indiana, Frances H. Barrow, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellant.

Jamie Andree, Indiana Legal Services, Inc., Bloomington, IN, Attorney for Appellee.

## OPINION ON REHEARING

CRONE, Judge.

In *IFSSA v. Pickett*, we included the following last paragraph:

In sum, the only evidence that actually addresses Pickett's capacity for sustained activity on a regular basis, his intellectual or sensory functions as they relate to his vocational capacity, and/or his ability to perform necessary reasoning and direction-following, paints the same picture of substantial functional limitation. *See* 405 IAC 2–2–3(a)(2)(A). Moreover, these substantial functional limitations, combined with Pickett's limited education and vocationally irrelevant sporadic employment history clearly show that Pickett's multiple mental impairments substantially impair his ability to perform labor or services or to engage in a useful occupation. 405 IAC 2–2–3(a)(2). That showing, plus the undisputed, continuous, verifiable nature of Pickett's bi-polar disorder, borderline personality disorder, polysubstance abuse, and alcoholism, plus the fact that Pickett receives SSI, leads to the inescapable conclusion that he is eligible for Medicaid disability. Ind.Code § 12–14–15–1. Accordingly, the ALJ's decision to the contrary was unsupported by substantial evidence. The administrative decision did not demonstrate a rational connection between the facts found and the applicable law. As set out *supra,* the findings neither supported nor contradicted the conclusion that Pickett's mental illnesses and substance abuse problems do not substantially impair his ability to perform labor or services or engage in a useful occupation. The only evidence that touched on this central

question refuted the conclusion reached by the ALJ.[footnote omitted] Therefore, we affirm the trial court's reinstatement of Pickett's Medicaid disability benefits.

903 N.E.2d 171, 184 (Ind.Ct.App.2009).

In a petition for rehearing, IFSSA specifically "does not challenge" our holding that "substantial evidence did not support the administrative law judge's determination that Robert Pickett's mental health disorders did not constitute a disability that qualified him for Medicaid benefits." IFSSA's pet. for reh'g, p. 1. IFSSA simply seeks clarification of our last sentence, which states that we are affirming the trial court's "reinstatement" of Pickett's Medicaid disability benefits. Pickett has filed no response to the rehearing request.

Our reference to the trial court's order as a "reinstatement" of benefits was a shorthand way to describe the trial court's decision. In its order, the trial court reversed the ALJ's denial of Pickett's application for benefits, included twenty-eight findings and conclusions explaining why Pickett qualifies for Medicaid disability, and remanded to the agency for action consistent with its decision and the lawful requirements of the Medicaid program. Given our affirmance of the trial court's decision, the ultimate result will in all likelihood be reinstatement of Pickett's Medicaid benefits. However, in retrospect we can see how use of the term "reinstatement" could be confusing. That is, Pickett would not automatically begin receiving benefits the moment our appellate opinion was issued.

Accordingly, we grant rehearing for the limited purpose of making clear that we intended to affirm the trial court's order of reversal and remand. To avoid any further confusion, we instruct that the agency's action should be consistent with our opinion, the trial court's order, and the lawful requirements of the Medicaid program. We affirm our original opinion in all other respects.

ROBB, J., and BROWN, J., concur.